IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY DEWAYNE ESTES | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-07-CV-0542-R |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Anthony Dewayne Estes, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

Petitioner pled guilty to possession of a controlled substance and was sentenced to 15 years confinement. No appeal was taken. Instead, petitioner filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Estes*, WR-39,513-05 (Tex. Crim. App. Dec. 13, 2006). Petitioner then filed this action in federal district court.

II.

In his sole ground for relief, petitioner contends that he received ineffective assistance of counsel which resulted in an involuntary guilty plea and the denial of his right to confront and cross-examine witnesses.

By order dated March 30, 2007, the court *sua sponte* questioned whether this case was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner addressed the limitations issue in a written reply filed on April 19, 2007. The court now determines that this case should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 15 years in prison for possession of a controlled substance. Judgment was entered on March 14, 2005 and no appeal was taken. Therefore, petitioner's conviction became final 30 days thereafter on April 13, 2005. *See* TEX. R. APP. P. 26.2. Petitioner filed an application for state post-conviction relief on February 15, 2006. The writ was denied on December 13, 2006. Petitioner filed this action in federal court on March 20, 2007.

The AEDPA statute of limitations started to run on April 13, 2005 when petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). The limitations period was tolled from February 15, 2006 to December 13, 2006, a total of 301 days, while a properly filed application for post-conviction relief was pending in state court. Even allowing for this statutory tolling period, petitioner still waited more than one year to file his federal writ.

In an attempt to excuse this delay, petitioner contends that the one-year limitations period did not begin to run until "90 days from the time [he] received the white card denying [his] claim in his 11.07 from the Court of Criminal Appeals." (*See* Pet. Reply at 5). Evidently, petitioner believes that he was entitled to file a petition for writ of certiorari challenging the denial of his state writ and that the limitations period should be tolled to allow for such review. The Supreme Court only has jurisdiction to entertain writs of certiorari from "*[f]inal judgments or decrees* rendered by the highest court of a State in which a decision could be had." 28 U.S.C. § 1257(a) (emphasis added). Because petitioner presented his claims to the Texas Court of Criminal Appeals on collateral review, rather than on direct appeal, the AEDPA statute of limitations was not tolled to allow for the filing of a petition for writ of certiorari. Petitioner's conviction became final for limitations purposes 30 days after entry of the judgment. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1834 (2000) (holding that "a petition for writ of certiorari to the

Supreme Court is not an application for 'State' review that would toll the limitations period"); *Bacot v. Cain*, No. 05-3752, 2007 WL 734403 at *3 & n.18 (E.D. La. Mar. 6, 2007).[1]

Petitioner also complains that prison officials did not mail his federal writ to the district clerk until March 20, 2007--one day after petitioner delivered it for mailing. This argument is unavailing. Under the prison mailbox rule, a federal habeas petition is considered filed on the date it was delivered to prison authorities for mailing. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). Petitioner verified under penalty of perjury that he placed his federal writ in the prison mailing system on March 20, 2007. (Hab. Pet. at 9). That is the date of filing for limitations purposes.

Finally, petitioner asks the court for equitable relief to prevent a "fundamental miscarriage of justice." (*See* Pet. Reply at 2). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). Plaintiff does not allege, much less prove, that he was actively misled by prison officials or otherwise prevented from filing his federal writ in a timely manner. That petitioner believes he is entitled to habeas relief does not merit equitable tolling. *See Aguero v. Quarterman*, No. 3-07-CV-0140-L, 2007 WL 900963 at *2 (N.D. Tex. Mar. 26, 2007) (allegation that state court committed "manifest constitutional error" did not support equitable tolling of AEDPA statute of limitations).

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

---

[1] Petitioner further contends that he did not receive notice of the denial of his state writ until December 21, 2006--eight days after the writ was denied. (*See* Pet. Reply at 8). Even if the court tolls the statute of limitations for an additional eight days, petitioner's federal writ is still untimely.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:   April 23, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE